IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| Tri-County Respite, Inc., d/b/a New Vitae, Inc., - Quakertown, | : | | |
| | : | | |
| Petitioner | : | | |
| | : | | |
| v. | : | | |
| | : | | |
| Department of Human Services, | : | No. 755 C.D. 2025 | |
| Respondent | : | Argued: May 14, 2026 | |

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE STELLA M. TSAI, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE TSAI                                          FILED: August 3, 2026


Tri-County Respite, Inc., d/b/a New Vitae, Inc. - Quakertown (Petitioner) petitions for review from the order of the Secretary of the Department of Human Services (Secretary) denying reconsideration of a final order by the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA). In its order, BHA dismissed Petitioner's appeal from a licensing inspection summary (LIS) for a personal care home[1] on the grounds that BHA lacked jurisdiction over

---

[1] A personal care home is defined by the Department's regulations as:

A premise in which food, shelter and personal assistance or supervision are provided for a period exceeding 24 hours, for four or more adults who are not relatives of the operator, who do not require the services in or of a licensed long-term care facility, but who do require assistance or supervision in activities of daily living or instrumental activities of daily living.

55 Pa. Code § 2600.4.

Petitioner's appeal. After careful review, we reverse the Secretary's order denying reconsideration and remand the matter for further proceedings.

## I. BACKGROUND

Petitioner operates a personal care home in Quakertown, Pennsylvania. Pursuant to the Human Services Code (Code),[2] Petitioner must maintain a license— a "certificate of compliance" in the Department's parlance—to operate the personal care home. Section 1002 of the Code, 62 P.S. § 1002; 55 Pa. Code § 2600.4. On August 17, 2023, the Department's Bureau of Human Services Licensing (BHSL) conducted an unannounced inspection of Petitioner's Quakertown facility. September 20, 2023 LIS at 3, Reproduced Record (R.R.) 15. During the inspection, BHSL staff determined that Petitioner was in violation of two Department regulations: Section 2600.15 of the Department's regulations, 55 Pa. Code § 2600.187, pertaining to abuse reporting covered by law; and Section 2600.187 of the Department's regulations, 55 Pa. Code § 2000.15, pertaining to medication records. *Id*. at 5, 8, R.R. 17, 20; 55 Pa. Code §§ 2600.15, 2600.187. With respect to the Section 2600.15 violation, BHSL alleged that Petitioner failed to report two incidents of abuse of residents "to the local area agency on aging." *Id*. at 5, R.R. 17. The incidents involved only residents, not Petitioner's staff; neither of the complaining residents reported an injury; and no marks were found on the residents. *Id*. (describing incidents where "resident #1 claimed that resident #2 punched resident #1 in the stomach" and "resident #2 slapped resident #3 on the arm"). Following the inspection, Petitioner submitted plans of correction, in which it challenged the Department's interpretation of the incidents as "abuse" under Section 2600.15 and averred that it properly reported the incidents as "assault" under Section

---

[2] Act of June 13, 1967, P.L. 31, *as amended*, 62 P.S. §§ 101-1503.

2600.16 of the Department's regulations, 55 Pa. Code § 2600.16, pertaining to reportable incidents and conditions. *Id*. at 5-7, R.R. 17-19.

On September 20, 2023, BHSL issued an LIS that (1) identified Petitioner's "citations" for violating Sections 2600.15 and 2600.187 of the Department's regulations; (2) memorialized the correspondence between BHSL and Petitioner, which included BHSL's narrative description of the incidents and Petitioner's proposed plans of correction; (3) "directed corrective actions for [Petitioner] to implement to correct noncompliant items;" and (4) instructed Petitioner to submit "documentation verifying compliance" by October 5, 2023. *Id*. at 1-9, R.R. 13-21. Petitioner submitted a revised plan of correction, and, on October 10, 2023, BHSL issued an updated LIS indicating it found the plan acceptable and directed that "[c]ontinued compliance [with the plan] must be maintained." October 10, 2023 LIS at 1, R.R. 54.

On October 20, 2023, Petitioner filed an appeal "from the determinations by the Department . . . cit[ing Petitioner] for a regulatory violation in the nature of a failure to report suspected abuse in accordance with the law, which citation was made September 20, 2023." BHA Appeal at 1, R.R. 9. Petitioner averred that "no version of the facts" of the incidents, either as known to Petitioner at the time or as developed following a complete investigation, "create[d] a basis for any reasonable suspicion that the incidents involved abuse." *Id*. at 2-3, R.R. 10-11. Therefore, Petitioner contended that "the citation [for violation of Section 2600.15 of the Department's regulations was] inconsistent with the law and represent[ed] a unilateral and unlawful re-writing of the law by the Department." *Id*. at 1, R.R. 9. Petitioner alleged that the LIS was "now available for public review, thereby gravely

3

damaging [Petitioner's] public reputation as a [licensed] provider" in violation of the right to reputation under the Pennsylvania Constitution.[3] *Id*. at 2, R.R. 10.

Following receipt of Petitioner's appeal, a BHA Administrative Law Judge (ALJ) issued a rule to show cause directing Petitioner to demonstrate why its appeal should not be dismissed (1) for lack of jurisdiction because the LIS was not an appealable decision under Section 20.81 of the Department's regulations, 55 Pa. Code § 20.81, pertaining to decisions that may be appealed; and (2) because the appeal was not filed within ten days as required by Section 35.20 of the General Rules of Administrative Practice and Procedure (GRAPP), 1 Pa. Code § 35.20, pertaining to appeals from actions of the staff. Rule to Show Cause, R.R. 41-42; *see* 1 Pa. Code § 35.20 (setting forth ten-day appeal period under GRAPP for "actions taken by a subordinate officer under authority delegated by the agency head"); 55 Pa. Code § 2600.12 ("Appeals related to the licensure or approval of the personal care home shall be made in accordance with [GRAPP]."). Petitioner submitted a response, and the ALJ issued an adjudication and recommendation that the appeal be dismissed on April 28, 2025. In the adjudication, the ALJ concluded that the

---

[3] The right to reputation is enshrined in Article I, Section 1 of the Pennsylvania Constitution, as follows:

> All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa. Const. art. I, § 1. Additionally, Article 1, Section 11 provides a remedy for injury to reputation:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11.

Department lacked jurisdiction to resolve any challenge to the LIS because, under Section 20.81 of the Department's regulations, the decision was not appealable, as it did not involve Department action related to Petitioner's certificate of compliance or the maximum capacity of Petitioner's facility. Adjudication at 3-4, R.R. 65-66. The ALJ determined that Petitioner's reputational and due process rights were adequately protected by Petitioner's ability to provide a written response pursuant to this Court's unreported opinion in *Summit Academy v. Department of Human Services* (Pa. Cmwlth., No. 257 C.D. 2015, filed Dec. 7, 2015), 2015 WL 8190829, *appeal denied*, 141 A.3d 483 (Pa. 2016).[4] In *Summit Academy*, this Court held that the Department adequately protected the reputational interests of a child residential and day treatment facility where the Department permitted the facility to submit a written response to the violations noted on the LIS and included the response within the LIS posted on the Department's website.[5] *Summit Academy*, slip op. at 13-22.

On April 29, 2025, BHA's Chief ALJ issued a final order adopting the adjudication and recommendation. Petitioner filed a petition for reconsideration of the final order dismissing its appeal. By a corrected order entered on May 22, 2025, the Secretary denied reconsideration "for the reasons stated by [BHA] in its" final

---

[4] Unreported panel decisions of this Court issued after January 15, 2008, may be cited as persuasive authority. *See* Commonwealth Court Internal Operating Procedures Section 414(a), 210 Pa. Code § 69.414(a).

[5] In *Summit Academy*, BHA dismissed the facility's appeal for lack of jurisdiction pursuant to Section 20.81 of the Department's regulations. *Summit Academy*, slip op. at 6-7. The facility conceded that it had no right to appeal under Section 20.81, but it argued that the LIS was appealable as an "adjudication" under the Administrative Agency Law, 2 Pa. C.S. §§ 501-508, 701-704. *Id*. at 7, 23. This Court concluded that the facility waived the issue, as the facility raised the issue for the first time in its reply brief. *Id*. at 23-24. Furthermore, the *Summit Academy* Court "assume[d], without deciding, that the [f]acility, as a business entity, possesses the right to reputation in the same manner that an individual citizen does." *Id*. at 13 n.6.

order. May 22, 2025 Order, R.R. 81. Petitioner filed a petition for review on June 18, 2025 from the order denying reconsideration.[6]

## II. ISSUE

On appeal, Petitioner raises one issue: whether BHA erred in concluding that it lacks jurisdiction over Petitioner's appeal. Petitioner argues that BHA erred in dismissing its appeal for lack of jurisdiction, where Section 2600.263(a) of the Board's regulations, 55 Pa. Code § 2600.263(a), pertaining to appeals of penalty, expressly authorizes an appeal of "the fact of [a] violation" of the Department's regulations. Petitioner asserts that it challenged the fact of the Section 2600.15 violation as set forth in the LIS, because the Department "declare[d] openly and publicly" on its website that Petitioner "operates a personal care home in which physical abuse occurs and that, worst of all, when [Petitioner] learns of such abuse, it fails to report the abuse to the proper authorities as required by law." Petitioner's Brief at 2-3, 6. Petitioner further argues that "separate from its regulatory right to a hearing," it has a "right to a hearing before a neutral tribunal to protect its reputation[al]" rights under the Pennsylvania Constitution. *Id*. at 6. Petitioner contends that, "to the extent [Section 20.81 of the Department's regulations] would deny [Petitioner's] appeal" from the LIS, this provision "violates [its] due process rights by denying an opportunity to be heard by an impartial tribunal." *Id*. at 8.

The Department responds that the list of actions that a licensee may appeal is set forth in Section 20.81 of its regulations, and "[n]owhere in [this regulation] does it mention the citing of a violation in an LIS as a basis for appeal." Department Brief

---

[6] Petitioner cited the Secretary's initial May 20, 2025 order denying reconsideration of BHA's April 29, 2025 order and attached that order to its petition for review. Petition for Review at 1, Exhibit A. The May 20, 2025 order does not appear in the certified record in this appeal. However, our review confirms that the Secretary's initial and corrected orders are substantively identical.

6

at 8.  Relying on *Summit Academy*, the Department contends that at the LIS stage, "where [Petitioner's] certificate of compliance is not being revoked (*i.e.*, the predeprivation stage), the opportunity to contest the violations in writing, in and of itself, is sufficient to preserve [Petitioner's] right of reputation and minimize any 'threat' to its reputation."  *Id.* at 10 (quoting *Summit Academy*, slip op. at 13-14). The Department asserts that instead of acquiescing to BHSL's corrective actions, Petitioner, in accordance with the procedure outlined in *Summit Academy*, "could have denied or rejected the LIS and rolled the dice with receiving a revocation or non-renewal notice for failure to submit acceptable plans of correction."[7]  *Id.* at 13. Finally, the Department asserts that, even if Petitioner is correct that the LIS is an appealable action, the appeal was untimely as Petitioner filed its appeal more than ten days after the issuance of the LIS.

## III. DISCUSSION

### A. Nature of Appeal

BHA issued a final order dismissing Petitioner's appeal on April 29, 2025. As a party aggrieved by the BHA order, Petitioner had the option of seeking

---

[7] This Court explained in *Summit Academy*:

[A] facility has the right to dispute the violations in the LIS and is free to assert its compliance in its plan of correction.  True, in doing so, the [f]acility may risk the revocation of its certificate of compliance, but it will nonetheless receive the full panoply of due process protection that goes along with a prompt, administrative evidentiary hearing and subsequent judicial review.  In the event the [f]acility opts instead to submit a suitable plan of correction, and the violations in the LIS are used in the future as a basis for revocation or nonrenewal, the [f]acility will have [the] same opportunity to challenge the validity of the initial violations.  Regardless of any delay or length of time that may pass from when the [f]acility affirmatively decides to challenge the violations at a revocation or nonrenewal hearing, the fact that there is a comprehensive and adequate procedural mechanism available to it suffices for purposes of due process.

*Summit Academy*, slip op. at 21-22.

reconsideration from the Secretary within 15 days, appealing the final order to this Court within 30 days, or both. *K.G. v. Dep't of Hum. Servs.*, 187 A.3d 276, 279 n.3 (Pa. Cmwlth. 2018); *see also* Pa.R.A.P. 1512(a)(1) (providing that a petition for review of a quasijudicial order must be filed in the appellate court within 30 days after entry of the order); 1 Pa. Code § 35.241(a) (stating that an application for rehearing or reconsideration must be filed with an agency within 15 days of a final order). Petitioner submitted its petition for reconsideration to the Secretary on May 14, 2025, the fifteenth day following the entry of BHA's April 29, 2025 final order. May 14, 2025 Cover Letter, R.R. 68; Certificate of Service, R.R. 79. Petitioner, however, failed to file with the Court a timely petition for review of BHA's April 29, 2025 final order within 30 days of its entry. Instead, Petitioner filed with the Court the subject petition for review on June 18, 2025, which was within 30 days of the Secretary's May 22, 2025 order denying reconsideration.

By failing to file a timely petition for review within 30 days of the April 29, 2025 order, Petitioner divested this Court of jurisdiction over an appeal of BHA's final order. *See In re Hawknet Props., LLC*, 320 A.3d 849, 856 (Pa. Cmwlth. 2024) ("The timeliness of an appeal goes to the subject matter jurisdiction of this Court to hear and decide the appeal, which issue we may raise *sua sponte* at any time."); Pa.R.A.P. 1512(a)(1); *K.G.*, 187 A.3d at 279 n.3; *see also Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988) ("[B]y [failing to file a timely petition for review] of the final order with this [C]ourt, the aggrieved party . . . loses the right to have this [C]ourt review the merits of the final order . . . ."). As a result, the only matter before this Court is Petitioner's appeal of the Secretary's order denying reconsideration of BHA's final order. *See Keith*, 551 A.2d at 336 ("A

governmental unit's denial of reconsideration, unlike a trial court's denial of reconsideration, is an appealable order.") (footnote omitted).

## B. Review of Denial of Reconsideration

"An agency's decision to grant or deny a request for reconsideration is a matter of discretion and will be reversed only where that discretion is abused." *K.G.*, 187 A.3d at 279. "An abuse of discretion occurs if, in reaching a conclusion, the law is overridden or misapplied or the judgment exercised is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will." *Luzerne Cnty. Child. & Youth Servs. v. Dep't of Hum. Servs.*, 203 A.3d 396, 398 (Pa. Cmwlth. 2019).

"A reconsideration request must identify new and novel arguments or matters which the [agency] may have overlooked." *Kline v. Pa. Pub. Util. Comm'n*, 352 A.3d 1086, 1104 (Pa. Cmwlth. 2026), *reconsideration denied* (Mar. 20, 2026). Here, Petitioner identified a new argument in its reconsideration petition, namely that BHA had jurisdiction over its appeal under Section 2600.263(a) of the Department's regulations because Petitioner was appealing from "the fact of the violation" cited in the LIS. Petition for Reconsideration, R.R. 69-72 (quoting 55 Pa. Code § 2600.263(a)). The Secretary did not address Petitioner's novel grounds for its appeal but instead denied reconsideration "for the reasons stated by [BHA] in its" final order. May 22, 2025 Order, R.R. 81. The Department asserts that, even if Petitioner was correct that Section 2600.263(a) provides it with an opportunity to appeal the LIS, its appeal would have been untimely under GRAPP's 10-day appeal period.

## C. Legal Framework

The Department sets forth detailed rules governing the operation of a personal care home in Chapter 2600 of its regulations, 55 Pa. Code §§ 2600.1-2600.270, "to

protect the health, safety and well-being of personal care home residents." 55 Pa. Code § 2600.1; *see also* Section 1021(a) of the Code, 62 P.S. § 1021(a)(1) ("The [D]epartment shall adopt regulations establishing minimum standards for building, equipment, operation, care, program and services, training and staffing and for the issuance of licenses.").

Under Section 2600.15(a) of the Department's regulations, a "home shall immediately report suspected abuse of a resident served in the home in accordance with the Older Adult Protective Services Act[8] . . . and comply with the requirements regarding restrictions on staff persons." 55 Pa. Code § 2600.15(a). The Department maintains separate reporting requirements for instances of "physical or sexual assault by or against a resident" in Section 2600.16(a)(9) of the Department's regulations, 55 Pa. Code § 2600.16(a)(9). Section 2600.16(c) of the Code requires the personal care home to

> report the incident or condition to the Department's personal care home regional office or the personal care home complaint hotline within 24 hours in a manner designated by the Department. Abuse reporting shall also follow the guidelines in § 2600.15 (relating to abuse reporting covered by law).

55 Pa. Code § 2600.16(c). The Department's regulations define abuse to include "[t]he infliction of injury, unreasonable confinement, intimidation or punishment with resulting physical harm, pain or mental anguish," 55 Pa. Code § 2600.4, but do not define physical or sexual assault.

To ensure compliance with these regulations, authorized agents of the Department conduct announced and unannounced inspections of licensed facilities. Section 1016(a) of the Code, 62 P.S. § 1016(a); 55 Pa. Code §§ 20.31-20.33. When

---

[8] Act of November 6, 1987, P.L. 381, *as amended*, 35 P.S. §§ 10225.101-10225.5102.

10

the Department "learn[s] of [a] violation of th[e Code] or of regulations adopted" thereunder, "it shall give written notice" of the violations and "[s]uch notice shall require the offending person to take action to bring the facility into compliance . . . within a specified time." Section 1026(a) of the Code, 62 P.S. § 1026(a); *see also* 55 Pa. Code § 20.52 ("If, during an inspection, authorized agents of the Department observe items of noncompliance with licensure or approval regulations, the [licensee] shall submit an acceptable written plan to correct each noncompliance item and shall establish an acceptable period of time to correct these items."). If the facility fails to submit an acceptable plan of correction, the Department may deny, revoke, or refuse to renew a certificate of compliance. 55 Pa. Code § 20.71(a)(3). Even in cases where the facility corrects the violation, the Department may "issu[e] a provisional license based upon the same violation." 55 Pa. Code § 2600.270.

The Department "shall classify each violation of its regulations by personal care homes" as Class I, Class II, or Class III violations, depending on the severity, duration, and adverse effect on the health and safety of residents. Section 1085 of the Code, 62 P.S. § 1085. The Department "shall assess a penalty for each violation of" its regulations. Section 1086(a) of the Code, *as amended*, added by Act of December 21, 1988, P.L. 1883, 62 P.S. § 1086(a). Class I violations carry mandatory, immediate monetary penalties, while monetary penalties for Class II violations are suspended for five days, pending submission of proof of correction. 62 P.S. § 1086(a)-(c); 55 Pa. Code § 2600.262(b)-(e). As to Class III violations, Section 2600.262(f) of the Department's regulations provides:

> There is no monetary penalty for Class III violations unless the home fails to correct the violation within 15 days. Failure to correct a Class III violation within the 15-day period may result in a penalty assessment of up to $3 per resident per day for each Class III violation retroactive to the date of the citation.

11

55 Pa. Code § 2600.262(f); *accord* 62 P.S. § 1086(d).

As alluded to above, Section 1086(f) of the Code provides that a personal care home may contest a penalty assessed by the Department or "the fact of the violation." 62 P.S. § 1086(f). Specifically, Section 1086(f) provides:

> Any provider charged with violation of th[e Code] shall have [30] days to pay the assessed penalty in full, or, *if the provider wishes to contest either the amount of the penalty or the fact of the violation*, the party shall forward the assessed penalty . . . to the Secretary of [Human Services] for placement in an escrow account with the State Treasurer. If, through administrative hearing or judicial review of the proposed penalty, it is determined that no violation occurred or that the amount of the penalty shall be reduced, the secretary shall within [30] days remit the appropriate amount to the provider with any interest accumulated by the escrow deposit. Failure to forward the payment to the [S]ecretary within [30] days shall result in a waiver of rights to contest the fact of the violation or the amount of the penalty.

*Id*. (emphasis added). The Department's appeal procedure is set forth in Section 2600.263 of its regulations, which provides:

> (a) If the home that is fined intends to appeal the amount of the penalty or the fact of the violation, the home shall forward the assessed penalty, not to exceed $500, to the Secretary for placement in an escrow account with the State Treasurer. A letter appealing the penalty shall be submitted with the assessed penalty. This process constitutes an appeal.
>
> (b) If, through an administrative hearing or judicial review of the proposed penalty, it is determined that no violation occurred or that the amount of the penalty shall be reduced, the Secretary will, within 30 days, remit the appropriate amount to the legal entity together with interest accumulated on these funds in the escrow deposit.
>
> (c) Failure to forward payment of the assessed penalty to the Secretary within 30 days will result in a waiver of the right to contest the fact of the violation or the amount of the penalty.

55 Pa. Code § 2600.263(a)-(c).

In addition to the provisions discussed above regarding the right to appeal a violation, Section 20.81 of the Department's regulations, 55 Pa. Code § 20.81—

12

which appears in the chapter setting forth general licensure requirements—identifies certain Department actions that a licensee may appeal. This regulation provides:

> The legal entity has the right to appeal any of the following:
> (1) The denial of a certificate of compliance.
> (2) The nonrenewal of a certificate of compliance.
> (3) The revocation of a certificate of compliance.
> (4) The issuance of a provisional certificate of compliance.
> (5) The length of time for which a provisional certificate of compliance is issued.
> (6) The reduction in the maximum capacity of the facility or agency.
> (7) The denial of an increase in the maximum capacity of the facility or agency.

55 Pa. Code § 20.81.

Lastly, the Code mandates that the Department "post information on its Internet website relating to the licensure and inspection of personal care homes." Section 1088 of the Code, 62 P.S. § 1088. The information that must be posted online includes, "[f]or each personal care home, [an LIS] which lists any violation under" the Code. 62 P.S. § 1088(9). In addition, the Department must maintain on its website a "[s]ummary of types of violations which are listed in [LISs], in accordance with the classification of violations set forth" in the Code. 62 P.S. § 1088(10).

**D. Analysis**

Notwithstanding that our review in this matter is confined to the denial of reconsideration and, therefore, is limited, we conclude that the Secretary abused her discretion by ignoring Petitioner's clear statutory right to appeal "the fact of the violation" of Section 2600.15 of the Department's regulations. There is no dispute that the Department found Petitioner in violation of its personal care home

13

regulations in the September 20, 2023 LIS. The LIS identified "citations" for specific regulatory provisions, contained "[d]escription[s] of [v]iolation[s]," and directed Petitioner to undertake certain corrective actions to remedy the violations. September 20, 2023 LIS at 1-9, R.R. 13-21. The LIS thus served as the required "written notice" that Petitioner was in violation of the Department's regulations. *See* 62 P.S. § 1026(a) (providing that the Department shall give written notice of a violation of the Code or the Department's regulations and require action to bring the facility into compliance). The LIS does not specify the classification of Petitioner's violations, but the violations are consistent with Class III violations given that the Department did not initially impose a monetary penalty and, instead, allowed Petitioner 15 days to undertake corrective action. 62 P.S. § 1086(d); 55 Pa. Code § 2600.262(f); *see also* 62 P.S. § 1085 (providing that the Department "shall classify each violation of its regulations by personal care homes").

Section 1086(f) of the Code—the analogous statutory provision to Section 2600.263 of the Department's regulations, which Petitioner relies upon as establishing its appeal right—provides that "[a]ny provider charged with violation of" the Code[9] may "contest either the amount of the penalty or the fact of the violation" by forwarding the amount of the assessed penalty to the Secretary. 62 P.S. § 1086(f). The process of forwarding the penalty with an accompanying letter "constitutes an appeal." 55 Pa. Code § 2600.263(a). Because Petitioner was charged with a Class III violation as to which no monetary penalty attached unless it failed to take corrective action, there was no amount for Petitioner to forward to the Secretary along with Petitioner's October 20, 2023 letter. As a result, Petitioner's October 20, 2023 letter and appeal petition were sufficient to preserve its appeal.

_____

[9] Section 1086(a) of the Code makes clear that the violations of the Code include violations of the Department's regulations. *See* 62 P.S. § 1086(a).

Although Section 2600.263(a) of the Department's regulations provides that only a "home that is fined" may appeal a violation, the more expansive statutory language set forth in Section 1086(f) of the Code that "[a]ny provider charged with a violation" may appeal is controlling. *See Hommrich v. Pa. Pub. Util. Comm'n*, 344 A.3d 121, 129 (Pa. Cmwlth. 2025) (*en banc*), *appeal quashed*, 349 A.3d 999 (Pa. 2026) ("[W]here there is a conflict between the statute and a regulation purporting to implement the provisions of that statute, the regulation must give way.") (citation omitted).

Furthermore, the general ten-day appeal period set forth in GRAPP does not govern Petitioner's appeal from the LIS, as Section 1086(f) of the Code and Section 2600.263 of the Department's regulations clearly establish a 30-day appeal window. *See* 62 P.S. § 1086(f) ("Failure to forward the payment to the secretary within [30] days shall result in a waiver of rights to contest the fact of the violation or the amount of the penalty."); 55 Pa. Code § 2600.263(c) (same); *see also* 1 Pa. C.S. § 1933 (providing that specific provisions control over general provisions). Therefore, Petitioner's October 20, 2023 appeal from the September 20, 2023 LIS was timely.[10]

Moreover, it is of no moment that Petitioner agreed to take corrective action and avoided any negative consequences from its violations, such as nonrenewal or revocation of its certificate of compliance or a reduction in its maximum capacity. Section 1086(f) of the Code and Section 2600.263 of the Department's regulations provide an independent appeal right as to "the fact of the violation" itself, and, therefore, Petitioner was not required to wait until the Department undertook action affecting its license or maximum capacity as contemplated by Section 20.81 of the

---

[10] We assume for the purposes of this opinion that the initial September 20, 2023 LIS triggered Petitioner's appeal rights and not the October 10, 2023 LIS that confirmed Petitioner acceptably implemented the Department's plan of correction.

Department's regulations. Additionally, while our analysis is rooted in statutory and regulatory text rather than policy, we note that allowing a facility to immediately challenge a violation when witnesses and evidence are available and memory is fresh alleviates prejudice caused by an extended delay between the date of violation and hearing. This is particularly true where the Department can later decide to revoke or not renew a license or issue a provisional license based on a single violation. *See* 55 Pa. Code § 20.71(a)(2) ("The Department may deny, refuse to renew or revoke a certificate of compliance for . . . [n]oncompliance with the Department's program licensure or approval regulations."); 55 Pa. Code § 2600.270 ("The correction of a violation cited under [S]ection 1086 [of the Code] . . . does not preclude the Department from issuing a provisional license based upon the same violation."); *Altagracia De Pena Family Day Care v. Dep't of Pub. Welfare*, 943 A.2d 353, 356 (Pa. Cmwlth. 2007) ("It is well settled that one regulatory violation is sufficient to revoke a license issued by [the Department] . . . .").

Finally, we note the limited nature of our ruling in the present case. Section 1086 of the Code only applies to personal care homes and assisted living facilities and not other types of facilities licensed by the Department, such as the child residential and day treatment facility at issue in *Summit Academy*.[11]

## IV. CONCLUSION

For the foregoing reasons, we conclude that the Secretary committed an abuse of discretion in her May 22, 2025 order by denying reconsideration of BHA's April 29, 2025 order dismissing Petitioner's appeal from the September 20, 2023

---

[11] Additionally, we do not revisit the *Summit Academy* holding that the Department's refusal to permit a facility's appeal from a regulatory violation where the Department had taken no action against the facility's license or maximum capacity was consistent with the Pennsylvania Constitution. Rather, the issue now before this Court requires the Court to interpret Section 1086 of the Code—a provision that is not applicable to the facility at issue in *Summit Academy*.

LIS. We, therefore, reverse the Secretary's May 22, 2025 order and remand the matter to the Department with instruction that BHA's April 29, 2025 order be vacated and that BHA hold a hearing on Petitioner's appeal of the Section 2600.15 violation cited in the LIS.[12]

 

_____

STELLA M. TSAI, Judge

---

[12] At oral argument, Petitioner for the first time requested that this Court grant the interim relief of removal of the LIS from the Department's website pending BHA's consideration of Petitioner's appeal from the violation. Because Petitioner did not request this relief before the Department or in its petition for review and brief before this Court, this issue is not properly before us in this appeal. Moreover, we are not aware of any authority that would permit this Court to order the removal of the LIS during the pendency of the administrative appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tri-County Respite, Inc., d/b/a New : 
Vitae, Inc., - Quakertown, :
                       Petitioner :
                                  :
        v. :
                                    :
Department of Human Services, :
                Respondent : No. 755 C.D. 2025

**O R D E R**

AND NOW, this 3rd day of August, 2026, the order of the Secretary of the Department of Human Services (Department) denying reconsideration of the April 29, 2025 order of the Department's Bureau of Hearings and Appeals is hereby REVERSED. This matter is REMANDED to the Department for further proceedings consistent with this opinion. Jurisdiction relinquished.

_____
STELLA M. TSAI, Judge